## HASBROUCK *a.* EHRICH.

*Supreme Court, Second District; Special Term, July,* 1858.

ORDER TO SHOW CAUSE.—COURT.—STAY OF PROCEEDINGS.

An order to show cause, returnable at special term, must be granted at special term; and an order to show cause, returnable before a judge out of court, must be made by the judge before whom it is returnable.

In an action which was in readiness for trial at the next circuit, in the county of Orange, to commence on the 14th of June, the defendant was arrested upon an order made the 29th of May, and on the 5th of June was discharged upon bail. Upon Saturday, the 12th of June, the defendant obtained from a justice of the first district an order requiring the plaintiff to show cause at a special term in Kings county, on the 1st Monday in July, why the order of arrest should not

be vacated, and meanwhile staying his proceedings. At the circuit, the cause being called, and the defendant objecting that the plaintiff's proceedings were stayed, the court vacated the stay by an order entered in the minutes in the presence of the attorneys, and the cause was, with consent of the attorney who was acting for the defendant, set down for trial, and actually tried, and the plaintiff had a verdict.

*Held,* that it appearing that defendant's object in a stay of proceedings was delay, the verdict should not be set aside.

1. No judge holding circuit is bound to regard such an order made by another judge in another part of the State, interfering with the business of the circuit, especially when served after the commencement of the circuit.

2. That such an order is vacated at once; and in presence of the parties, is sufficient notice to them.

3. That the stay in this case was irregular, in that it was not made by the judge before whom it was returnable.

4. That by proceeding to trial, the defendant had waived the objection.

Order to show cause why an order of arrest should not be vacated, and order to show cause why a verdict should not be set aside.

The facts appear in the opinion.

EMOTT, J.—This was an action for the recovery of the value of a large amount of goods which were stolen from the plaintiff's store by burglars, and received by the defendant. It was commenced in November, 1857, and was postponed at the next Orange circuit in January, 1858, on the application of the defendant, for the absence of witnesses. On the 29th day of May last, the plaintiff obtained an order of arrest from Judge Brown, which was placed in the hands of the sheriff of New York, and was executed no doubt very soon afterwards; but when precisely, is not stated by the defendant, and does not appear. The defendant alleges that this arrest was made in bad faith, and with a design to prevent a proper preparation by him for the trial of the cause at the ensuing June circuit. I see no evidence of this in the papers. On the contrary, considering the facts disclosed as to the defendant's conduct, his situation at the time this order was obtained, and the manner in which his defence has been conducted, this step of the plaintiff's attorney was very proper at that time, as it would have been at any previous stage of the cause. Whatever may have been the design of the plaintiff, however, this arrest did not in fact have any effect upon the preparation of the cause, and affords no justification

or excuse for the subsequent proceedings on the part of the defendant. It appears that the defendant was discharged from the arrest by giving bail on the 5th of June, and it does not appear that he was at any time hindered from making preparations for trial. The circuit at which the cause was tried commenced on the 14th of June, and all the witnesses required by the defendant were in the city of New York. There is no proof of any diligence used by the defendant, between the 5th and 14th, in looking up or subpœnaing witnesses. On the contrary, the object seems to have been to delay the trial, and get the cause over the circuit; and this object one of the defendant's attorneys swears that he told his client he would certainly effect. Accordingly, on the 12th of June, the Saturday before the circuit, an order was procured from one of the justices of this court in the first district, requiring the plaintiff to show cause at the special term in Brooklyn, on the first Monday in July, why the order of arrest should not be vacated, and in the mean time staying all his proceedings. That such an order should have been granted, shows the mischief to which the constant practice of granting " orders to show cause," which prevails in the city of New York, may lead. It is of course impossible that the judge who signed this order, can have been aware of what he was doing; but this is still stronger evidence of the perversions and delays of justice which this course of practice is made to subserve, as well as the unpleasant and discreditable collisions between different judges to which it tends. It is quite evident that this order was a mere trick to throw the cause over the circuit. That design is pretty plainly averred in the affidavits of the defendant and his attorney. When the order was obtained, the defendant was, and had been for a week, as I have said already, at liberty, and able to prepare for trial, if indeed he was ever in close restraint at all. There was double the time necessary for a notice of motion before the term at which this order was made returnable, which would be long after the close of the circuit at which the cause was noticed. There was no necessity or occasion for such a stay of proceedings at all, for any legitimate purpose of such a motion. There was no ground disclosed for the motion, or for interfering with the arrest, either in the affidavit on which the arrest was made, or on the affidavit on which the " order to show cause" was

granted, and we have a right to indulge the presumption that the defendant's attorney knew it. And finally, now that his application has come on to be heard upon this order, the defendant's counsel has not attempted to sustain it, or offered a single reason why the arrest should be vacated or should not have been made. I am constrained to the conclusion that this whole proceeding was an attempt to use the power of the court, or of one of its judges, to accomplish the postponement of this trial, which could not otherwise be done ; and that this purpose was not disclosed to the judge, but he was led to suppose that his assistance was invoked for a different design. Indeed, I will not believe that the learned and courteous judge who signed this order was allowed to know that he was granting an order to show cause in a suit triable in another district, where such orders are expressly repudiated by rule, returnable so long after its date that there was double the time necessary for a notice of motion, and interfering with the calendar of a circuit court in the county of Orange, and with the proceedings of the judge who was holding the court, in the disposition of his business. I am sure that my learned brother who granted this order would have been the first to revoke it, had he really understood its purport and effect.

The question now before me is, whether the verdict which was rendered after the stay of proceedings contained in this order had been vacated at the circuit, should be set aside. This is a question of strict right; the defendant is not in an attitude to ask any favors. If the stay of proceedings which this order contained was in the way of the trial of this cause at the time it was had, so as to make it irregular, then this verdict and judgment may be set aside as a matter of right, otherwise it must stand. I am fully satisfied that the trial was regular. In the first place, no judge holding a circuit is bound to regard an order of this description, made by another judge in another part of the State, interfering with his calendar and the transaction of his business, especially where it was served, as this was, after this court has commenced its session. If parties and attorneys are bound by such an order to any extent, the court is not. The cause was regularly noticed, and on the calendar a week before, and it was in the possession and under the control of the judge holding that circuit, and of no one else. Such or-

Hasbrouck a. Ehrich.

ders as this may and ought to be vacated at once, when they are brought to the notice of the court; and if the parties are both present, that is sufficient notice of the *vacatur*. It would be intolerable that a judge at the circuit should be interfered with in this way. If such a practice is to prevail, no judge can know what he is to do, or to be permitted to do, with the business of a circuit which he may be appointed to hold. He may be compelled to adjourn his court and wait the result of the various motions to get rid of the trial of causes, either directly or indirectly, which may be heard at the various special terms then holding, or thereafter to be held, before judges in various parts of the State, who may undertake the correction of his calendar, or the disposition of his causes. I have known one of these "orders to show cause," granted to compel a party to oppose the postponement of his suit for the absence of witnesses, returnable at a term after the adjournment of the circuit which I was holding, and at which his cause was noticed. That attempt was as unsuccessful as the present. The remedy is, for the judge holding a circuit resolutely to disregard such attempts, by the order of another judge, to control his calendar or the disposition of causes before him.

Upon the order in the present case being brought to the notice of the judge holding the circuit, the stay of proceedings which it contained was immediately vacated by an order entered in the minutes of the circuit, in the presence of the attorney who had served it, and who afterwards consented to set the cause down, and tried it on the part of the defence. The stay of proceedings granted in New York was *ultra vires* and irregular, if not void, because it was for more than twenty days; and I am not prepared to say it might not have been treated as a nullity by the plaintiff. At all events, the court had a right to disregard it, and still more, to vacate it by an order duly entered in the minutes, and granted in the presence of an attorney representing the defendant. I am of opinion that the order was irregular, and beyond the powers of the judge who made it, for another reason—that it was returnable before another tribunal. Section 402 of the Code permits the court or judge, "by an order, to prescribe a shorter time than the eight days required in ordinary cases, for notice of a motion." It is out of this section, and the power to shorten the time for notices of motions

which it confers, to be exercised in special cases and for peculiar reasons, that the practice of substituting orders to show cause for notices of motion has grown, even where, as in the present case, the order does not prescribe any shorter time than the eight days required for an ordinary notice; yet it must be based upon the authority of this section, and cannot be justified in any other way. But there is a radical defect in the whole of this practice. As was observed by Judge Harris, in Merritt *a.* Slocum (6 *How. Pr. R.*, 350), this section does not say the court or *a* judge may grant such orders, but *the court or judge*—that is, the court or *the* judge who is to hear the motion. A judge out of court may direct a motion to be heard before himself on less than eight days' notice, but he has no authority to direct a motion to be heard on such short notice, or at all before another judge, or at a special term of the court. An order to show cause, returnable at a special term, must be granted by the special term; and an order to show cause, returnable before a judge out of court, must be made by the judge before whom it is returnable. I have no doubt this is the true, as I am sure it is a wholesome, construction of the Code in this respect. It follows, that the order of June 12th in this case was one which the judge who signed it had no authority to make, and that it was properly vacated by the court, if it might not have been disregarded by the plaintiff. The same objection applies to the order to show cause, upon which the application to open the judgment is now made, and would be a sufficient answer to that motion, if there were no other reasons for denying it.

Again: If the order staying proceedings possessed any validity, or was in the way of proceeding to try the cause, the objection was waived by the attorney who represented the defendant at the trial. When the stay of proceedings was set aside by the order at the circuit, the cause was set down for Wednesday morning by the court, on the suggestion of the council for both parties, and without the defendant at that time mentioning or insisting upon the order or the stay. The attorney who represented the defendant at the trial is mistaken in his recollection on this point, and he is corrected by the plaintiff's affidavits. After this, it was too late for the defendant's counsel to assert, as he did when the cause was called on Wednesday, that he insisted on his rights under the stay contained in the

order. The cause went on to trial: the defendant was repre-
sented by counsel who cross-examined the witnesses, took ob-
jections to evidence, and litigated every point which they were
able. If the defendant meant to rely on his stay of proceed-
ings, he should have refused to set down the cause, and refused
to appear at the trial. He has now had a trial by his own con-
sent, and if he was unprepared, it was the fault of his own
*laches* in reliance on the means to which he had resorted to de-
lay his adversary. If he has fallen himself into the trap which
he set for his antagonist, he must take the consequences. There
is little or no diligence shown in these affidavits in a preparation
for trial; and I must add, that there is nothing in the case,
either as it appeared at the trial or is shown here, except the
ordinary formal affidavit of merits, by which the defendant ex-
hibits or asserts any thing just or meritorious in his defence.
The plaintiff's case was clearly made out at the trial, and so far
as the defence was disclosed by the cross-examination of the
witnesses, it consisted merely in an attempt to break down and
destroy the plaintiff's witnesses, and that by means not in all
cases of the most creditable character. There can be no doubt
that a new trial would be a hinderance, if not a denial of jus-
tice; and for the reasons I have indicated, we are not called
upon to grant it as a matter of practice. As to the arrest, there
is nothing shown against that, as I have already stated, although
the ostensible object of the first application made by the de-
fendant was to be relieved from it.

Both applications are denied, with $10 costs of each.

## THE PEOPLE a. BEHAN.

### Court of Appeals; June Term, 1858.

#### LICENSE LAW.—PENAL STATUTE.

Selling intoxicating liquors without license, in violation of the act "to suppress
intemperance," &c. (*Laws of* 1857, *ch.* 628), is an indictable offence.
Of the construction of penal statutes.

Appeal from a judgment.